# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ANDREW FERRARI,
          )
           )
 Plaintiff,       )
           )
 v.          )  C.A. No. N17C-04-270 MMJ
           )
HELSMAN MANAGEMENT   )
 SERVICES, LLC,     )
           )
 Defendant       )

## O R D E R

On Motions in Limine

**Defendant's Motion to Exclude Testimony
of Plaintiff's Purported Expert, Timothy A. Casey**

The Court finds that Plaintiff's expert witness is qualified by specialized knowledge that will help the trier of fact understand the evidence or determine issues of fact.[1]

To the extent Defendant asserts that the opinion is based upon insufficient facts and utilizes an "indefensible methodology," the Court finds that those objections go to the weight to be accorded the expert's opinion.

Casey may opine on claims-handling industry standards, and whether or not Defendant's conduct was in compliance with those standards. However, Casey may not

---

[1] Super. Ct. R. 702.

1

opine as to whether Defendant acted in bad faith. Such conclusions go to state of mind, and are not an appropriate subject for expert testimony.

**THERERFORE,** Defendant's Motion to Exclude Testimony of Plaintiff's Purported Expert, Timothy A. Casey is hereby **DENIED IN PART.**

### Defendant's Motion to Exclude any Evidence of, or Argument Regarding, Compensatory Damages with Respect to Plaintiff's Bad Faith Claim

Having considered Plaintiff's response to this Motion, it appears that Plaintiff is not seeking compensatory damages. Rather, Plaintiff states that if he proves unreasonable delay, he will be entitled to an award of pre-judgment interest as taxable costs pursuant to *Tackett v. State Farm Fire & Casualty Insurance Company*, 653 A.2d 254 (Del. 1995).

**THEREFORE,** Defendant's Motion to Exclude any Evidence of, or Argument Regarding, Compensatory Damages with Respect to Plaintiff's Bad Faith Claim is hereby **DENIED AS MOOT.** Entitlement to prejudgment interest will be determined pursuant to Delaware law.

### Plaintiff's Motion in Limine Regarding Evidence of the Total Dollar Amount of Benefits Paid by Helmsman Under Compulsion of Law

Defendant seeks to admit evidence of the amount Plaintiff received pursuant to the workers' compensation contract. Defendant contends that this information is

2

relevant to show that Plaintiff received all he was due under the contract and, therefore, has no damages.

The Court notes that Plaintiff correctly states that Helmsman did not pay any amount to Plaintiff. All funds were paid by the insurer, not the TPA.

The Court finds that the relevance of the amount paid is tenuous, at best. However, such information might become admissible depending on the evidence presented by Plaintiff.

**THEREFORE,** Plaintiff's Motion in Limine Regarding Evidence of the Total Dollar Amount of Benefits Paid by Helmsman Under Compulsion of Law is hereby **GRANTED AT THIS TIME.**


**Plaintiff's Motion in Limine Regarding the Scope of Insurance Expert's Testimony**

Whether Defendant's actions amounted to bad faith and unfair dealing are issues to be determined by the trier of fact, pursuant to the Court's instructions. The ultimate conclusion involves assessment of Defendant's agents' state of mind. State of mind is not appropriate for expert opinion.

However, as the Court decided with regard to Plaintiff's expert witness, Defendant's expert may testify as the insurance industry standards, customs, practices and procedures. Defendant's expert may opine as to whether Defendant's actions complied with or were consistent with such standards.

Plaintiff also seeks to prohibit Defendant's expert from testifying that she has in the past been retained as an expert by Plaintiff's counsel. Plaintiff argues that such testimony amounts to an inference that Plaintiff's counsel vouches for the expert's credibility.

The Court finds that prior retention by Plaintiff's counsel is not initially relevant and admissible. However, that fact may become relevant if Plaintiff's counsel attempts to challenge Defendant's expert on the basis of bias or lack of credibility.

**THEREFORE,** Plaintiff's Motion in Limine Regarding the Scope of Insurance Expert's Testimony is hereby **GRANTED IN PART AND DENIED IN PART.**

### Motion in Limine to Preclude Plaintiff's Counsel from Making Inflammatory and Objectionable Statements During Trial

The Court fully expects that all counsel will comport themselves in a manner consistent with Delaware standards of ethics and professionalism. Deviation from such standards will have adverse consequences.

This Court's ruling in *Powell v. AmGuard Ins. Co.*, 2020 WL 996734, at *3 (Del. Super. 2020) is instructive and should be reviewed by counsel.

**THEREFORE,** the Court finds that the Motion in Limine to Preclude Plaintiff's Counsel from Making Inflammatory and Objectionable Statements During Trial is hereby **DENIED AS NOT RIPE FOR DETERMINATION.**

### Plaintiff's Motion in Limine Regarding Employment Litigation

Defendant has stated that it seeks to introduce evidence of specific instances of Plaintiff's conduct because they are probative of Plaintiff's character for truthfulness. The Court finds that none of the asserted particulars or facts in the wrongful termination case are sufficiently probative pursuant to D.R.E. 404(b) to be admissible. Any limited probative value is outweighed by the potential for undue prejudice. D.R.E. 403.

The Court also finds that the litigation pending between Plaintiff and his former employer is not relevant to this action. Should specific issues arise during trial, the Court will consider the proposed evidence at that time.

**THEREFORE,** Plaintiff's Motion in Limine Regarding Employment Litigation is hereby **GRANTED.**

Dated:     June 23, 2020

The Honorable Mary M. Johnston

5